IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| IN RE: RICHARD JASON GUSTAFSON and CRYSTAL DAWN GUSTAFSON, Debtors | No. 2:06-bk-72727 Ch. 7 |
| R. RAY FULMER II, Trustee | PLAINTIFF |
| v.   AP. No. 07-ap-07296 | |
| RUTHIE NORRIS | DEFENDANT |

**MEMORANDUM OPINION**

Before the Court is Chapter 7 Trustee R. Ray Fulmer II's Complaint for Turnover of Property, which is actually a complaint to avoid a constructively fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)(B) [the Complaint].[1] Defendant Ruthie Norris filed an Answer to Complaint for Turnover of Property. Trial was held on January 16, 2008. The parties appeared personally and through their attorneys. The trustee alleges that the debtors, Richard and Crystal Gustafson, transferred real property to Norris for no consideration, that Norris subsequently sold the property, and that Norris received $50,064.36 from the sale. As a result, the trustee requests that the Court order Norris to pay the trustee, on behalf of debtors' estate, the debtors' pro-rata share of the proceeds from the sale.

---

[1] While the Complaint is entitled "Turnover of Property," it is actually a complaint to avoid a fraudulent transfer under 11 U.S.C. § 548(a)(1)(B). Although the Complaint does not reference the applicable code section, paragraph 11 states that "[s]aid transfer of property by Richard Gustafson and Crystal Gustafson to Defendant constitutes a fraudulent transfer, as less than fair-market value was received for the property." Further, at trial, trustee's counsel specifically stated in his opening that the transfer was in effect a fraudulent transfer in that the debtors did not receive anything for their interest. Also, when the Court asked trustee's counsel whether he was alleging that the transfer was made for less than a reasonably equivalent value, trustee's counsel responded in the affirmative.

1

In response, Norris denies that the conveyance constitutes a fraudulent transfer. At the conclusion of trial, the Court took the matter under advisement. For the reasons stated below, the relief requested by the trustee is denied.

**Jurisdiction**

This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(H). The following opinion constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

**Background**

On April 14, 2003, debtors Richard and Crystal Gustafson[2] and Richard's grandmother, Defendant Ruthie Norris, purchased a house in Mansfield, Arkansas, as joint tenants with right of survivorship. They purchased the house for $115,000; Norris made a $40,000 downpayment on the residence with funds she obtained from selling her house in California. The debtors and Norris executed a note in the amount of $77,963.40, secured by a mortgage with Farmer's Bank.

Norris lived in the home with the debtors for only two months. She subsequently moved back to California to care for her ill daughter. After Norris's departure, the debtors made payments on the home for 14 months. Thereafter, Norris was notified by Farmer's Bank that the debtors had

---

[2]Richard and Crystal Gustafson were formerly known as "Richard and Crystal Bridgeforth."

2

ceased making the mortgage payments. Norris then remitted funds to Farmer's Bank to prevent the home from going into foreclosure.

On February 10, 2006, the debtors jointly executed a quitclaim deed on the home in Mansfield, Arkansas, transferring their undivided interest in the property to Norris individually. The debtors received no consideration for the transfer. Over nine months later, on November 21, 2006, the debtors filed their chapter 7 bankruptcy petition.

On June 13, 2006, Norris sold the home in Mansfield, Arkansas, to David and Robin Morris for $130,000. Norris received $50,064.36 from the sale. Norris did not remit to the debtors any proceeds from the sale.

**Discussion**

The trustee contends that the February 10, 2006 transfer from the debtors to Norris constitutes a constructively fraudulent transfer under 11 U.S.C. § 548(a)(1)(B). The trustee did not allege or present any evidence of actual fraud under 11 U.S.C. § 548(a)(1)(A).

Section 548(a)(1)(B) provides in relevant part:

> (a)(1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

3

…

(B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; *and*

(ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

(III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

(IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

(Emphasis added).

Accordingly, to prevail on a constructive fraud transfer claim, in addition to proving that the transfer was made for less than reasonably equivalent value, the trustee must also prove one of the four circumstances outlined in § 548(a)(1)(B)(ii).

Here, the Court need not address the issue of reasonably equivalent value because the trustee provided no proof to the Court regarding any of the circumstances set forth in § 548(a)(1)(B)(ii). First, the trustee failed to present evidence that the debtors were insolvent at the time of the transfer to Norris or that they became insolvent as a result of the transfer. 11 U.S.C. §

548(a)(1)(B)(ii)(I). Norris's testimony that the debtors ceased making the mortgage payments after 14 months is not evidence under §§ 548(a)(1)(B)(ii)(I) and 101(32)(A) that the Debtors were "insolvent" on the date of transfer. "Insolvency," with respect to an individual, means "financial condition such that the sum of such entity's debts is greater than the sum of such entity's property, at a fair valuation…." 11 U.S.C. § 101(32)(A).

Furthermore, under § 548, "there is no presumption of insolvency of the debtor on and during the 90 days immediately preceding the filing of the petition as there is in an avoidance action under 11 U.S.C. § 547." *In re Schultz*, 250 B.R. 22, 28 n.3 (Bkrtcy. E.D. N.Y. 2000); *see also Matter of Southmark Corp.*, 88 F.3d 311, 315 (5th Cir. 1996) ("Although debtor's insolvency at the time of transfer is an element of both § 547 and § 548, § 547[f] contains a presumption of insolvency whereas § 548 does not."); *In re Larry's Marineland of Richmond, Inc.*, 166 B.R. 871, 873 (Bkrtcy. E.D. Ky. 1993) ("In an avoidance action under section 548 of the Bankruptcy Code there is no presumption of insolvency of the debtor on and during the 90 days immediately preceding the filing of the petition as there is in an avoidance action under section 547 of the Code."). Section 547(f) makes clear that the presumption of insolvency only applies "[f]or purposes of this section." *See also In re Berger*, No. 05-3214, 2007 WL 2462646, at *4 (Bkrtcy. N.D. Ohio Aug. 27, 2007). No similar provision exists in § 548. *Id*.; *see also In re Enron Corp.*, 318 B.R. 655, 622 (Bkrtcy. S.D. Tex. 2004) ("There is no presumption of insolvency under § 548…."); *In re Combs*, 190 B.R. 979, 982 n.3 (Bkrtcy. N.D. Ga. 1995) ("Clearly, Congress intended the presumption of insolvency to be available in preference litigation only. It deliberately did not include such a presumption for fraudulent transfer litigation.").

Second, the trustee presented no evidence that the Debtors were engaged, or about to engage in, a transaction or business for which their remaining property "was an unreasonably small capital." 11 U.S.C. § 548(a)(1)(B)(ii)(II). Nor was any evidence presented that the Debtors intended to incur, or believed that they would incur, "debts that would be beyond [their] ability to pay as such debts matured." 11 U.S.C. § 548(a)(1)(B)(ii)(III).

Finally, while the trustee avers in the Complaint that Norris is an "insider" as defined by 11 U.S.C. § 101(31)(A)(i) and (45), he failed to prove that the debtors "made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of the insider, *under an employment contract and not in the ordinary course of business.*" 11 U.S.C. § 548(a)(1)(B)(ii)(V) (emphasis added). No allegation was made, or proof presented, that the debtors transferred the property to Norris under an employment contract.

**Conclusion**

Because the trustee failed to prove any of the elements set forth in § 548(a)(1)(B)(ii), the trustee's fraudulent transfer claim necessarily fails. Accordingly, the relief requested by the trustee is denied.

IT IS SO ORDERED.

January 30, 2008 /s/ Richard D. Taylor
_____

DATE                RICHARD D. TAYLOR
                    U.S. Bankruptcy Judge


cc:   Thomas E. Robertson, Jr.
      R. Ray Fulmer, II
      Eric Soller